STATE, EX REL. SLEMMER, *v.* BROWN.

(No. 73AP-30—Decided March 1, 1973.)

*Mr. Richard Harold Slemmer,* pro se.
*Mr. William J. Brown,* attorney general, and *Mr. Michael R. Grove,* for respondent.

*Per Curiam.* This is an original action in this court whereby relator seeks a writ of mandamus or prohibition to prevent the submission to the electorate of the proposal contained in amended senate joint resolution No. 27, of the 109th General Assembly, to amend Sections 5 and 6 of Article IV, Ohio Constitution.

Relator contends that the proposal constitutes an attempt to submit two amendments to the constitution by a single vote of the electorate, contrary to Section 1, Article

XVI, Ohio Constitution, and that both of the proposed amendments are invalid because the amendment to Section 5, Article IV is unconstitutional and that the amendment to Section 6, Article IV is void for vagueness.

Subsequent to the filing of this action, the General Assembly adopted Senate joint resolution No. 4, of the 110th General Assembly, providing for the separate submission to the electorate of the amendments to Sections 5 and 6 of Article IV, Ohio Constitution. It would appear therefrom that by bringing this action relator has accomplished, through action by the General Assembly, one of the essential objects which he sought, i. e., a separate vote on the two amendments. Relator, however, contends that senate joint resolution No. 4 is invalid and of no effect and that the General Assembly has no power to amend, modify, or withdraw a proposal to amend the constitution subsequent to its adoption by the General Assembly.

By his amended complaint, relator seeks to join the president pro tempore of the Ohio Senate and the speaker of the Ohio House of Representatives in a class action and asks for a writ of mandamus against them and a writ of prohibition against the General Assembly to require them "not to take any action which has as its direct or indirect object the usurpation of a personal prerogative of another, prior General Assembly of Ohio." Relator has not attempted to join the president of the Senate, the Lieutenant Governor.

This action is dismissed as against the General Assembly and the president pro tempore of the Ohio Senate and the speaker of the Ohio House of Representatives. The amended complaint does not state a claim against them upon which relief can be granted. The judiciary has no right or power to command the General Assembly to adopt joint resolutions. In this regard, the judicial function is limited to a determination of the effect and validity of joint resolutions adopted by the General Assembly. The writs sought by relator, if issued, would constitute a violation of the separation-of-powers doctrine.

Likewise, this court has no authority to consider or determine the question of the validity or constitutionality of

a proposed constitutional amendment prior to its adoption by the people. *Pfeifer* v. *Graves* (1913), 88 Ohio St. 473; *Weinland* v. *Fulton* (1918), 99 Ohio St. 10; *State, ex rel. Marcolin,* v. *Smith* (1922), 105 Ohio St. 570; *State, ex rel. Kittel,* v. *Bigelow* (1941), 138 Ohio St. 497.

Section 1, Article XVI, Ohio Constitution, provides, in part, that:

"* * * When more than one amendment shall be submitted at the same time, they shall be so submitted as to enable the electors to vote on each amendment, separately."

This provision is mandatory and means that only a single general purpose may be included in any one proposed constitutional amendment. *State, ex rel. Roahrig,* v. *Brown* (1972), 30 Ohio St. 2d 82. Cf. *State, ex rel. Sheets,* v. *Laylin* (1903), 69 Ohio St. 1.

Amended Senate joint resolution No. 27 proposes two constitutional amendments. This has been recognized by the General Assembly by the adoption of Senate joint resolution No. 4. The proposed amendment to Section 5, Article IV, relates to the amendment by the General Assembly of procedural rules prescribed by the Supreme Court. The proposed amendment to Section 6 of Article IV relates to the compensation of judges of courts established by law. They do not relate only to a single general purpose but are multi-purposed in language and in scope.

However, as the situation now stands, the respondent intends to, and will, so submit the two amendments as to enable the electors to vote separately on each amendment pursuant to Senate joint resolution No. 4.

Relator, however, contends that the amendments cannot be submitted on the grounds that amended Senate joint resolution No. 27 was fatally defective and cannot be corrected by the General Assembly.

The constitution is silent as to whether the power of the General Assembly is exhausted once it adopts a proposal to submit a constitutional amendment to a vote of the people. While it would appear that prior to its submission to the people, the General Assembly should be able to

amend or reconsider its action in proposing the amendment, it is unnecessary to determine that issue. Amended Senate joint resolution No. 27 is silent upon the manner of the submission of the proposed constitutional amendments other than to provide that "there shall be submitted to the electors of the state in the manner prescribed by law at a special election to be held on the first Tuesday after the first Monday in May, 1973, a proposal to amend sections 5 and 6 of Article IV of the Constitution of Ohio."

Senate joint resolution No. 4 is supplementary thereto and provides that the proposal shall be so submitted as to enable the electors "to vote on each amendment separately in accordance with the requirement of Section 1 of Article XVI." This is not different from "the manner prescribed by law" since Section 1, Article XVI, Ohio Constitution so requires. The portion of amended Senate joint resolution No. 27, entitled "Effective date and Repeal," does refer to "electors voting on this amendment."

Since the General Assembly has now clearly provided that the electors are to be permitted to vote separately on each amendment proposed by amended Senate joint resolution No. 27, the issue before the court is whether the General Assembly can, by a single joint resolution, propose two separate amendments to the Ohio Constitution. That issue was not determined by *State, ex rel. Roahrig, supra.*

There is nothing in Section 1, Article XVI, Ohio Constitution, which expressly prohibits the General Assembly from proposing more than one amendment to the constitution by a single joint resolution. On the contrary, Section 1, Article XVI, provides:

"Either branch of the general assembly may propose amendments to this constitution; and, if the same shall be agreed to by three-fifths of the members elected to each house, such proposed amendments shall be entered on the journals, with the yeas and nays, and shall be submitted to the electors, for their approval or rejection, on a separate ballot without party designation of any kind, at either a special or a general election as the general assembly

may prescribe. * * * When more than one amendment shall be submitted at the same time, they shall be so submitted as to enable the electors to vote on each amendment, separately.''

The use of the plural ''amendments'' throughout with respect to action by the General Assembly coupled with the requirement that electors shall be enabled to vote separately on each amendment clearly connotes no limitation upon the General Assembly with respect to proposing more than one amendment by a single joint resolution.

Section 16, Article II, Ohio Constitution, does provide that ''No bill shall contain more than one subject, which shall be clearly expressed in its title * * *.'' However, we are here concerned with a joint resolution, not a bill. Section 17, Article II, Ohio Constitution, refers to ''all bills and joint resolutions proposed by the general assembly'' with reference to the signing thereof by the presiding officer of each house. Section 16 further grants the veto power to the governor with respect to bills, but not with respect to joint resolutions. Rather, as stated in *Leach* v. *Brown* (1957), 167 Ohio St. 1, at page 5:

''If the proposal to amend the Constitution should be considered as a bill enacted by the General Assembly, the *Ritzman case* would be dispositive of the question before us, but the majority of the court is of the opinion that a proposal to amend the Constitution is not an inherent legislative prerogative. The action of the General Assembly in connection therewith is the exercise of a special power granted to the General Assembly, which must be strictly complied with.''

Such special power is granted by Section 1, Article XVI, Ohio Constitution, which requires that the electors must be able to vote separately on each proposed constitutional amendment, but such section does not require that the General Assembly vote separately thereon in determining whether to submit constitutional amendments to the electors.

Accordingly, amended Senate joint resolution No. 27 is not invalid or violative of Section 1, Article XVI, Ohio

Constitution, because it proposes, in a single joint resolution, more than one amendment to the constitution.

For the foregoing reasons, the requested writs are denied and this action is dismissed.

*Writs denied.*

TROOP, P. J., STRAUSBAUGH and WHITESIDE, JJ., concur.