[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ethics First—You Decide Ohio Political Action Commt. v. DeWine,* Slip Opinion No. 2016-Ohio-3144.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3144

THE STATE EX REL. ETHICS FIRST—YOU DECIDE OHIO POLITICAL ACTION COMMITTEE ET AL. *v*. DEWINE, ATTY. GEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ethics First—You Decide Ohio Political Action Commt. v. DeWine,* Slip Opinion No. 2016-Ohio-3144.]**

*Mandamus—Elections—Initiative—R.C. 3505.062—R.C. 3519.01—Constitutionality of requirement that initiative petition and summary be reviewed by Ballot Board—Complaint dismissed for failure to state a claim upon which relief can be granted.*

(No. 2016-0464—Submitted May 19, 2016—Decided May 24, 2016.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original mandamus action, relators, Ethics First–You Decide Ohio Political Action Committee and three of its members, Ron Alban, Tim Boggs, and John Boyle Jr. (collectively, "Ethics First"), challenge the constitutionality of

R.C. 3519.01(A) and 3505.062(A), as amended in 2006. For the reasons discussed below, we deny the motion filed by respondent, Ohio Attorney General Michael DeWine, to dismiss for lack of jurisdiction. However, we grant DeWine's motion to dismiss the complaint for failure to state a claim. We deny Ethics First's second motion to expedite as moot.

Background

{¶ 2} Persons seeking to propose a law or constitutional amendment by initiative must submit their petition, along with a summary of the proposal, to the attorney general for review. R.C. 3519.01(A). Under the prior version of R.C. 3519.01(A), if the attorney general certified the summary as fair and truthful, then the proposed law or amendment would be filed with the secretary of state and supporters could begin circulating petitions to qualify for the ballot.

{¶ 3} On January 31, 2006, the General Assembly enacted Am.Sub.H.B. No. 3 ("H.B. 3"), 151 Ohio Laws, Part III, 5551. As amended by H.B. 3, R.C. 3519.01(A) now provides that a petition is transferred to the Ohio Ballot Board, not to the secretary of state, for review after the attorney general certifies the summary.

{¶ 4} H.B. 3 further amended R.C. 3519.01(A) to add a requirement that "[o]nly one proposal of law or constitutional amendment to be proposed by initiative petition shall be contained in an initiative petition to enable the voters to vote on that proposal separately." R.C. 3505.062(A), as amended by H.B. 3, made the Ballot Board responsible for ensuring that an initiative petition complied with the "one law" requirement.

> If the board determines that the initiative petition contains more than one proposed law or constitutional amendment, the board shall divide the initiative petition into individual petitions containing only one proposed law or constitutional amendment so as to enable the voters to vote on each proposal separately and certify its approval to the attorney general.

2

R.C. 3505.062(A). If the Ballot Board divides an initiative petition, then the supporters must submit separate summaries to the attorney general for approval. *Id*.

{¶ 5} The initiative proposed by Ethics First seeks to amend Article II of the Ohio Constitution by adding a new section, Section 43, entitled "Raising the Ethical Standards of the General Assembly." On March 14, 2016, DeWine certified Ethics First's amendment summary as fair and truthful and transmitted the petition to the Ballot Board.

{¶ 6} At its March 23, 2016 meeting, the Ballot Board, concluding that the initiative petition contained more than one proposed constitutional amendment, divided Ethics First's submission into three separate proposed amendments. As a result of the Ballot Board's decision, DeWine will not submit the original, undivided proposed constitutional amendment to the secretary of state for the next step in the process.

{¶ 7} The present lawsuit does *not* challenge the board's decision to divide the petition. Rather, Ethics First's mandamus petition contains two legal allegations: first, that R.C. 3519.01(A) and 3505.062(A), as amended by H.B. 3, unconstitutionally limit the right of initiative. And second, that these statutory provisions constitute governmental regulation of core political speech based on content, in violation of the First Amendment to the United States Constitution.

Legal analysis

*Lack of jurisdiction*

{¶ 8} We will dismiss a mandamus complaint when we lack jurisdiction over the claims. *State ex rel. Brecksville v. Husted*, 133 Ohio St.3d 301, 2012-Ohio-4530, 978 N.E.2d 157, ¶ 9. In addition, " '[a] court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and

reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.' " *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2761, 931 N.E.2d 110, ¶ 6, quoting *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 9} This court has original jurisdiction in mandamus actions. Ohio Constitution, Article IV, Section 2(B)(1)(b). However, "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 716 N.E.2d 704 (1999). The first argument in DeWine's motion to dismiss is that Ethics First's complaint should be dismissed as a disguised declaratory-judgment claim.

{¶ 10} What distinguishes a proper mandamus complaint from an improper one is *not* whether the relator is seeking declaratory judgment as part of the complaint, but whether the complaint seeks to prevent or compel official action. *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20. This distinction is critical: a prohibitory injunction qualifies as an alternative remedy at law that will defeat a request for mandamus, but a mandatory injunction does not. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 25. Therefore, if a complaint seeks to *prevent* action, then it is injunctive in nature, and the court has no jurisdiction; if it seeks to *compel* action, then the court does have jurisdiction to provide relief in mandamus. *State ex rel. Holwadel v. Hamilton Cty. Bd. of Elections*, 144 Ohio St.3d 579, 2015-Ohio-5306, 45 N.E.3d 994, ¶ 43.

{¶ 11} When confronted with complaints that challenge the constitutionality of a statute, we have consistently construed them as seeking a

mandatory injunction to compel the respondent public official to abide by the provisions of preexisting law and therefore squarely within our original mandamus jurisdiction. *See, e.g., State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 133, 568 N.E.2d 1206 (1991) ("Although the relators' request is for this court to have the respondent refrain from exercising her statutory responsibility, the essence of their request is for respondent to abide by a former statute"). The fact that adjudicating the case requires the court also to prohibit the official from acting under the current version of the statute is "only ancillary" and does not alter the fundamental nature of the relief sought. *Id.*; *see also State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 509, 715 N.E.2d 1062 (1999).

{¶ 12} Our decision in *State ex rel. Satow v. Gausse-Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, is not inconsistent with this rule. In *Satow*, we held that the only relief sought in that case was injunctive because the respondents were already under a court order to abide by the terms of the preexisting statute, and therefore no additional relief in the form of an extraordinary ancillary mandatory injunction was warranted. *Id.*, ¶ 20.

{¶ 13} We reject the contention that we lack jurisdiction and hold that Ethics First has pleaded a proper claim for declaratory judgment requiring the issuance of a mandatory injunction in order to afford complete relief.

*Failure to state a claim*

{¶ 14} We turn now to the question whether relators have stated a claim warranting relief in their challenge to the constitutionality of the requirement that the Ballot Board review the initiative proposal and subdivide it if it contains more than one amendment. Relators argue that this requirement impermissibly restricts the right of initiative granted by the Constitution.

{¶ 15} Article II, Section 1 of the Ohio Constitution reserves to the people the right to propose, adopt, or reject legislation and constitutional amendments by referendum and initiative. The General Assembly may neither enlarge nor diminish

the powers constitutionally reserved to the people. *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 5, 591 N.E.2d 1186 (1992).

{¶ 16} The provisions of Article II, Section 1g of the Ohio Constitution, which govern the requirements for the initiative and referendum processes, are "self-executing," but "[l]aws may be passed to facilitate their operation," so long as such laws "in no way limit[] or restrict[] either such provisions or the powers herein reserved." *Id.* A statute facilitates the initiative process if the purpose of the requirement is "not to restrict the power of the people to vote or to sign petitions, but to ensure the integrity of and confidence in the process." *In re Protest Filed with Franklin Cty. Bd. of Elections*, 49 Ohio St.3d 102, 106, 551 N.E.2d 150 (1990); *see also In re Protest of Brooks*, 155 Ohio App.3d 370, 2003-Ohio-6348, 801 N.E.2d 503, ¶ 14 (3d Dist.) (statutory requirement for disclosure of circulator compensation does not unconstitutionally restrict right of initiative, but instead, "provides potential signers with important information regarding the initiative so that * * * they may make a more informed decision whether or not to" sign, and "does not, in any meaningful manner or degree, restrict or limit the ability of people to sign initiative petitions").

{¶ 17} In *Schaller v. Rogers*, 10th Dist. Franklin No. 08AP-591, 2008-Ohio-4464, the Tenth District Court of Appeals held that requiring petition advocates to submit a petition summary to the attorney general for approval facilitates the process because it "arguably helps potential signers understand the content of the law more efficiently," *id.* at ¶ 46, and deters fraud by circulators who might misrepresent the effect of the law, *id.* at ¶ 47.

{¶ 18} Although the court acknowledged that the requirement reduced the available time to solicit supplemental signatures, the appellate court stressed the benefits of the summary requirements, noted the "limited" ability of the attorney general to impede the process, *id.* at ¶ 51, and concluded that the trial court had not abused its discretion in finding that the time burdens placed on the petitioners did

6

not unduly restrict the exercise of the right of referendum. *Id.*, ¶ 48-52. Thus, the *Schaller* court implicitly found that the modest burden on the petitioners was outweighed by the benefit to the voters and the process in general.

**{¶ 19}** We adopt the reasoning of the *Schaller* opinion. When the Ballot Board subdivides a petition, R.C. 3505.062(A) merely requires the submission of new summaries to the attorney general. That modest imposition does not unduly restrict the right of initiative, given the benefit the voters enjoy of being able to vote separately on the proposals.

**{¶ 20}** In our judgment, Ethics First's reliance on *State ex rel. Slemmer v. Brown*, 34 Ohio App.2d 27, 295 N.E.2d 434 (10th Dist.1973), is misplaced. *Slemmer* held that Article XVI, Section 1 of the Ohio Constitution, which mandates that multiple constitutional amendments proposed by the General Assembly must be submitted to the voters on separate ballots, does not bar the legislature from proposing multiple constitutional amendments in a single resolution, so long as the amendments appear separately on the ballot. However, *Slemmer* did *not* hold that a statutory "separate resolution" or "separate petition" requirement would unconstitutionally restrict the right of initiative if the General Assembly chose to adopt such a requirement.

**{¶ 21}** For this reason, we find that it is beyond doubt that Ethics First can prove no set of facts entitling it to relief. *See O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus (setting forth standard for dismissal under Civ.R. 12(B)(6)). We hold that the mandamus complaint fails to state a claim warranting relief on the basis that the challenged H.B. 3 amendments to R.C. 3505.062 and 3519.01 impermissibly restrict the right to initiative.

*The First Amendment*

**{¶ 22}** Alternatively, Ethics First asserts that the challenged statutes "empower the Ohio Ballot Board to review and assess the content of the speech

being advocated in a constitutional amendment being proposed by initiative, and, then, in turn, to change or alter the content of a petitioner's speech." This power, Ethics First asserts, is an unconstitutional content-based law that cannot survive strict scrutiny.

**{¶ 23}** "Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Gilbert*, __ U.S. __, 135 S.Ct. 2218, 2227, 192 L.Ed.2d 236 (2015). The dispositive question is whether the regulation, on its face, "draws distinctions based on the message a speaker conveys." *Id.* Plainly, the "separate petitions" requirement is not content-based. It applies to all petitions, irrespective of the substantive message the petition seeks to communicate.

*The second motion to expedite*

**{¶ 24}** On March 30, 2016, when Ethics First filed its petition for a writ of mandamus, it also filed a motion to expedite consideration of the case and issuance of the writ. We granted the motion to the extent that we ordered DeWine to file a response within five days, but we did not impose a S.Ct.Prac.R. 12.08 expedited schedule upon the entire case. 145 Ohio St.3d 1433, 2016-Ohio-1455, 47 N.E.3d 874.

**{¶ 25}** When Ethics First filed its memorandum in opposition to the motion to dismiss, it simultaneously filed a second motion to expedite. Although not captioned as such, the second motion to expedite was essentially a motion for reconsideration, albeit one that provided no new grounds for the court to consider.

**{¶ 26}** In any event, given today's disposition, the second motion to expedite is denied as moot.

## Conclusion

**{¶ 27}** For the reasons stated, we grant the motion to dismiss for failure to state a claim, and we deny the motion to expedite as moot.

Cause dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman, for relators.

Michael DeWine, Attorney General, and Jordan S. Berman, Steven T. Voigt, and Kevin C. Hulick, Assistant Attorneys General, for respondent.

_____