RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0055p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

COMMITTEE TO IMPOSE TERM LIMITS ON THE OHIO
SUPREME COURT AND TO PRECLUDE SPECIAL LEGAL
STATUS FOR MEMBERS AND EMPLOYEES OF THE OHIO
GENERAL ASSEMBLY, et al.,

　　　　　　　　　　　*Plaintiffs-Appellants,*

　　　*v.*

OHIO BALLOT BOARD, et al.,

　　　　　　　　　　　*Defendants-Appellees.*

┐
│
│
│
├─  No. 17-3888
│
│
│
┘

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:16-cv-01030—James L. Graham, District Judge.

Decided and Filed:  March 20, 2018

Before:  SILER, BATCHELDER, and DONALD, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  Christopher P. Finney, Brian C. Shrive, FINNEY LAW FIRM LLC, Cincinnati, Ohio, for Appellants.  Renata Y. Staff, Sarah E. Pierce, Nicole M. Koppitch, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellees.

_____

### OPINION

_____

　　　ALICE M. BATCHELDER, Circuit Judge.　The Plaintiffs-Appellants in this case submitted a ballot initiative petition proposing to amend the Ohio Constitution in two ways: imposing term limits on the justices of the Ohio Supreme Court and requiring that all laws "that apply to the people of the State of Ohio . . . apply equally to the members and employees of the

General Assembly." But because Ohio law contains a single-subject rule which allows initiative petitions to contain only "one proposed law or constitutional amendment," the Ohio Ballot Board split Plaintiffs' initiative into two initiatives, each containing only one proposed constitutional amendment. Plaintiffs brought this action challenging the Ohio initiative process, arguing that it violates their First Amendment rights. The district court dismissed the action, and we **AFFIRM**.

## I.

Plaintiffs-Appellants are the Committee to Impose Term Limits on the Ohio Supreme Court and to Preclude Special Legal Status for Members and Employees of the Ohio General Assembly ("the Committee"), the three individual members of the Committee, and an individual who signed the Committee's preliminary initiative petition (collectively "Plaintiffs"). Defendants-Appellees are the Ohio Ballot Board ("the Board"), its five individual members, and Ohio Attorney General Mike DeWine (collectively "Defendants").

The people of the State of Ohio vested the state's legislative power in the Ohio General Assembly, but reserved to themselves the power to "propose amendments to the constitution and to adopt or reject the same at the polls." OHIO CONST. art. II, § 1. Persons wishing to amend the Ohio Constitution must gather one thousand signatures and submit those to the Attorney General along with both the full text and a summary of the proposed constitutional amendment. *See* Ohio Rev. Code § 3519.01(A). The Attorney General determines whether the summary is fair and truthful, and then sends the proposed amendment to the Board to determine whether it contains only one amendment. *See id.* If it contains only one amendment, the Board certifies its approval to the Attorney General, who then files a verified copy of the amendment with the Ohio Secretary of State. *See id.* But if it contains more than one amendment, the Board "shall divide the initiative petition into individual petitions containing only one proposed . . . constitutional amendment so as to enable voters to vote on each proposal separately." Ohio Rev. Code § 3505.062(A). The Board then certifies its approval of the separated amendments to the Attorney General, who then files verified copies with the Secretary of State. *See* Ohio Rev. Code § 3519.01(A).

The Committee sought to amend the Ohio Constitution as follows:

**Article IV, Section 6.**
(D) No person shall be elected or appointed as a judge of the Supreme Court if said person, at the time of said election or appointment, has served nine or more consecutive years as a judge of the Supreme Court regardless of whether as chief justice, a justice, or a combination of the two.

**Article II, Section 43.**
All laws that apply to the people of the State of Ohio and its political subdivisions shall apply equally to the members and employees of the General Assembly.

The Committee submitted its petition to the Attorney General on October 26, 2016, along with the full text and a summary of the amendment and 1,573 signatures. The same day, Plaintiffs filed a lawsuit in the Southern District of Ohio seeking a temporary restraining order preventing the Board from enforcing the single-subject rule, which the district court denied.

The process continued, and the Attorney General approved Plaintiffs' summary and certified the signatures. The Attorney General then submitted the proposed constitutional amendment to the Board, which announced on November 10, 2016, that it would meet to discuss the petition on November 14, 2016. At that meeting, the Board determined that the petition contained more than one proposed constitutional amendment and divided it into two individual initiatives, each containing only one proposed amendment.

Plaintiffs then brought three challenges to the Ohio initiative process. Defendants moved to dismiss these claims, and the district court granted their motion to dismiss. On appeal, Plaintiffs primarily argue that Ohio Revised Code § 3505.062(A) and the actions of the Board pursuant to that statute violate the First Amendment. Specifically, the Plaintiffs argue that the Ohio initiative process is a content-based regulation of core political speech, and that it is subject to strict scrutiny, which they argue the Ohio initiative process cannot survive.

## II.

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Marie v. Am. Red Cross*, 771 F.3d 344, 361 (6th Cir. 2014).

The Supreme Court has emphasized that "States allowing ballot initiatives have considerable leeway to protect the integrity and reliability of the initiative process."  *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 191 (1999).  To illustrate this, the Supreme Court favorably cited *Biddulph v. Mortham*, 89 F.3d 1491, 1494, 1500–01 (11th Cir. 1996), in which the Eleventh Circuit "uph[eld] single subject . . . requirements for initiative proposals to amend Florida's Constitution."  *Buckley*, 525 U.S. at 191–92.  This indicates that the Supreme Court did not view single-subject rules to be inconsistent with the First Amendment.  Every circuit to address this question since *Buckley* has likewise approved similar single-subject rules.  *See PEST Comm. v. Miller*, 626 F.3d 1097, 1104, 1107–08 (9th Cir. 2010) (upholding Nevada's single-subject rule and noting that no circuit "has ever found a single-subject rule violative of First Amendment rights"), *cert. denied*, 565 U.S. 815 (2011); *Campbell v. Buckley*, 203 F.3d 738, 745–46 (10th Cir.) (upholding Colorado's single-subject rule), *cert. denied*, 531 U.S. 823 (2000).

The Ohio Supreme Court has also rejected an essentially identical First Amendment challenge, brought by essentially identical plaintiffs, to the Ohio initiative process.  Earlier in 2016, the three individual members of the Committee brought a mandamus action in the Ohio Supreme Court challenging the constitutionality of Ohio Revised Code § 3519.01(A), which contains Ohio's single-subject rule, and Ohio Revised Code § 3505.062, which prescribes the duties of the Board and which Plaintiffs challenge here.  *See State ex rel. Ethics First-You Decide Ohio PAC v. DeWine*, 66 N.E.3d 689, 691 (Ohio 2016).  There, as here, they argued that Ohio Revised Code § 3505.062(A) is a content-based regulation of core political speech which cannot survive strict scrutiny.  *Id.* at 694.  The Ohio Supreme Court unanimously rejected this argument because Ohio's single-subject rule is "[p]lainly . . . not content-based.  It applies to all

petitions, irrespective of the substantive message the petition seeks to communicate." *Id.* at 695.[1]

We agree with this overwhelming weight of authority that Ohio's single-subject rule is not content based. "Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015). Statutes that are not content based on their face may still be considered content based if they "cannot be justified without reference to the content of the regulated speech" or "were adopted by the government because of disagreement with the message the speech conveys." *Id.* (internal quotation marks, citation, and alteration omitted). Ohio's single-subject rule is not content based under these standards. It applies to all initiative petitions, no matter the topic discussed or idea or message expressed. It may be justified without reference to the content of any initiative petitions: the rule, among other things, "afford[s] the voters freedom of choice and prevent[s] 'logrolling' or the combining of unrelated proposals in order to secure approval by appealing to different groups which will support the entire proposal in order to secure some part of it although perhaps disapproving of other parts." *State ex rel. Ohio Liberty Council v. Brunner*, 928 N.E.2d 410, 418 (Ohio 2010) (citation omitted). And finally, this is not a law that was adopted by the government because of disagreement with the message of any initiative petition.

Despite all this, Plaintiffs insist that Ohio's single-subject rule is indeed content based. In support of that assertion, they rely on a single line from *McCullen v. Coakley*, 134 S. Ct. 2518 (2014), in which the Supreme Court found that a Massachusetts statute establishing "buffer zones" outside of abortion facilities was not content based because it did not require "'enforcement authorities' to 'examine the content of the message that is conveyed to determine

---

[1]We note that ordinarily the doctrine of issue preclusion prevents losing litigants from receiving such a "second bite at the apple." *See Scherer v. Wiles*, 659 F. App'x 349, 357–58 (6th Cir. 2016). "The idea is straightforward: Once a court has decided an issue, it is forever settled as between the parties, thereby protecting against the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts. In short, a losing litigant deserves no rematch after a defeat fairly suffered." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–03 (2015) (internal quotation marks, citations, and alterations omitted). But although issue preclusion may have resolved this case in favor of Defendants, the burden of raising issue preclusion and demonstrating that its requirements were satisfied rested with them. *See Knott v. Sullivan*, 418 F.3d 561, 568 (6th Cir. 2005). Because Defendants did not raise issue preclusion, we must decide this case on the merits.

whether' a violation has occurred." *Id.* at 2531 (citing *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 383 (1984)). But the Supreme Court said this in the context of statutes which "draw content-based distinctions *on [their] face*," *id.* (emphasis added), such as the statute in *League of Women Voters of California*, which prohibited publicly funded broadcasters from "engag[ing] in editorializing," a restriction "defined solely on the basis of the content of the suppressed speech." 468 U.S. at 366, 383. The statute in *McCullen*, by contrast, was not content based on its face: "Whether petitioners violate the Act depends not on what they say, but simply on where they say it." *McCullen*, 134 S. Ct. at 2531 (internal quotation marks and citation omitted). Unlike the statute in *League of Women Voters of California*, Ohio's single-subject rule does not prohibit certain types of constitutional amendments based on the topics or ideas contained in those amendments. But like the statute in *McCullen*, whether Plaintiffs violate Ohio's single-subject rule depends not on what they say, but simply on where they say it—in one initiative petition or in two. Ohio's single-subject rule is therefore not content based.

Because Ohio's single-subject rule is content neutral, we apply the more flexible *Anderson-Burdick* framework which requires us to weigh the competing interests of Plaintiffs and Defendants. *See Ohio Democratic Party v. Husted*, 834 F.3d 620, 626–27 (6th Cir. 2016). Using this framework, we first consider the character and magnitude of the asserted injury to Plaintiffs' First Amendment rights. *See id.* at 626. We then identify and evaluate the precise interests that Defendants have put forward to justify Ohio's single-subject rule. *See id.* Finally, we determine the legitimacy and strength of each of those interests and consider the extent to which those interests make it necessary to burden Plaintiffs' rights. *See id.* at 626–27. Under *Anderson-Burdick,* "minimally burdensome and nondiscriminatory regulations are subject to a less-searching examination closer to rational basis and the State's important regulatory interests are generally sufficient to justify the restrictions." *Id.* at 627 (internal quotation marks and citation omitted). Ohio's single-subject rule is such a minimally burdensome and nondiscriminatory regulation because it requires only that Plaintiffs submit their two proposed constitutional amendments in separate initiative petitions. Defendants have asserted multiple interests to justify the rule. First, as Ohio Revised Code 3519.01(A) says, the single-subject rule "enable[s] the voters to vote on [each] proposal separately." Second, Ohio's single-subject rule helps to "avoid[] confusion, promot[e] informed decision-making, and prevent[] logrolling." *See*

*PEST Comm.*, 626 F.3d at 1107; *see also Ohio Liberty Council*, 928 N.E.2d at 418.   These legitimate and strong state interests justify the minimal burdens that Ohio's single-subject rule imposes on Plaintiffs.  Ohio's single-subject rule therefore does not violate the First Amendment. Because Ohio's single-subject rule itself, Ohio Revised Code § 3519.01(A), does not violate the First Amendment, neither does Ohio's statute prescribing the duties of the Board, Ohio Revised Code § 3505.062(A).

Plaintiffs' final argument that the district court erred by applying the *Anderson-Burdick* test at the motion-to-dismiss stage is meritless.  Although the *Anderson-Burdick* test can at times be fact intensive, we have before affirmed dismissals of First Amendment challenges to election rules where the plaintiffs' arguments failed as a matter of law.  *See, e.g.*, *Lawrence v. Blackwell*, 430 F.3d 368, 369–70, 375 (6th Cir. 2005); *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 293 (6th Cir. 1993).

**III.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.