[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-3761.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3761

THE STATE EX REL. THE CITY OF YOUNGSTOWN *v.* MAHONING COUNTY BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-3761.]**

*Elections—Mandamus sought to compel board of elections and secretary of state to certify a proposed charter amendment for the ballot—Boards of elections do not have authority to decide the legality or constitutionality of a ballot measure's substantive terms—Writ granted against board of elections and its members but not against secretary of state.*

(No. 2015-1422—Submitted September 15, 2015—Decided September 17, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relator, the city of Youngstown, seeks a writ of mandamus to compel respondents, the Mahoning County Board of

Elections, its board members David Betras, Mark Munroe, Robert Wasko, and Tracey Winbush, and Ohio Secretary of State Jon Husted, to certify a proposed charter amendment to appear on the November ballot. We grant the writ against the board of elections and its members but not against Husted.

*Background*

{¶ 2} The "Community Bill of Rights" is a proposed amendment to the city charter of Youngstown. The measure would, among other things, make it unlawful to engage in the extraction of oil and gas in the city of Youngstown through the use of hydrofracturing, Section 122-3(A); declare void any federal or state license that would violate the charter, Section 122-3(D); make violations a first-degree misdemeanor, Section 122-3(E); and create a civil cause of action for damages to be brought "in the name of the natural community or ecosystems," Section 122-3(F).

{¶ 3} On August 3, 2015, proponents of the Community Bill of Rights presented the amendment to the Youngstown City Council. The petitions had sufficient valid signatures to qualify for the ballot. On August 24, 2015, the Youngstown City Council passed ordinance No. 15-283, directing that the proposal be sent to the Mahoning County Board of Elections for placement on the November ballot.

{¶ 4} The board considered the charter amendment at its meeting on August 26, 2015. During that discussion, board members expressed the opinion that the proposed amendment was unconstitutional. Member Betras referred to this court's decision in *State ex rel. Morrison v. Beck Energy Corp.*, ___ Ohio St.3d ___, 2015-Ohio-485, __ N.E.3d __, ¶ 34, and announced to the other members, "I will not allow the people of the City of Youngstown to vote on a measure that is clearly and unambiguous[ly] unconstitutional." Chairman Munroe agreed that "in light of the Beck Energy case, * * * [the amendment is] unenforceable, and it conflicts with the Ohio Constitution." Member Winbush

2

stated that the amendment was "unenforceable because state law supersedes local law."

{¶ 5} Member Betras made a motion that the board "not certify the Community Bill of Rights to the ballot because it's an unconstitutional law." The motion carried by a four-to-zero vote.

*Procedural history*

{¶ 6} On August 28, 2015, the city of Youngstown commenced this mandamus action against the board of elections, its individual members, and Secretary of State Husted. The parties filed evidence and briefs in accordance with the court's scheduling order. In addition, the court received amicus briefs in support of the board of elections from (1) the Ohio Chamber of Commerce, Affiliated Construction Trades of Ohio, and the American Petroleum Institute, (2) the Youngstown/Warren Regional Chamber, and (3) the Ohio Oil and Gas Association, the Ohio Gas Association, and Local Unions.

{¶ 7} On September 2, 2015, the city filed an unopposed motion to correct a clerical error in the complaint. We grant the motion.

*Legal analysis*

{¶ 8} A board of elections has statutory authority to "[r]eview, examine, and certify the sufficiency and validity of petitions." R.C. 3501.11(K). A board of elections has greater discretion to inquire into the sufficiency of a proposed ballot measure than municipal officials do. *State ex rel. N. Main St. Coalition v. Webb,* 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, at ¶ 30. Unlike municipal officials, the boards of elections have statutory authority to conduct quasi-judicial protest hearings. *Id.*; R.C. 3501.39(A)(2); *State ex rel. Ebersole v. Delaware Cty. Bd. of Elections*, 140 Ohio St.3d 487, 2014-Ohio-4077, 20 N.E.3d 678, ¶ 48.

{¶ 9} R.C. 3501.11(K) empowers a board of elections to determine whether a ballot measure falls within the scope of the constitutional power of

referendum or initiative. For example, the right of referendum does not exist with respect to a measure approved by a city council acting in an administrative, rather than legislative, capacity. *Buckeye Comm. Hope Found. v. Cuyahoga Falls*, 82 Ohio St.3d 539, 697 N.E.2d 181 (1998), paragraph two of the syllabus. Because a referendum on an administrative matter is a legal nullity, boards of elections have not only discretion but an affirmative duty to keep such items off the ballot. *State ex rel. Ebersole*, ¶ 30. It necessarily follows that the boards of elections have discretion to determine which actions are administrative and which are legislative.

{¶ 10} Likewise, a board of elections has discretion to determine whether a proposed ballot measure satisfies statutory prerequisites to be a ballot measure. *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 39, 50-55 (petition to repeal a levy exceeded statutory authority, which authorized ballot measures only to decrease levies).

{¶ 11} The boards of elections, however, do *not* have authority to sit as arbiters of the legality or constitutionality of a ballot measure's substantive terms. An unconstitutional amendment may be a proper item for referendum or initiative. Such an amendment becomes void and unenforceable only when declared unconstitutional by a court of competent jurisdiction. Any other conclusion would authorize a board of elections to adjudicate a constitutional question and require this court to affirm its decision even if the court disagreed with the board's conclusion on the underlying constitutional question, so long as the board had not abused its discretion.

{¶ 12} The record plainly demonstrates that the board rejected ordinance No. 15-283 *solely* because it considered the measure to be unconstitutional in its effects. In making that determination, the board exceeded its statutory authority and therefore abused its discretion.

**{¶ 13}** Husted, on the other hand, has not taken any action with respect to the proposed amendment. Any relief against him would therefore be premature, at best.

*Defective affidavit*

**{¶ 14}** The affidavit attached to the complaint attested that the factual allegations were true "to the best of [the affiant's] knowledge, information, and belief." Such an affidavit does not comport with S.Ct.Prac.R. 12.02(B). *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953, ¶ 15-16. However, when made aware of the defect, relator submitted a motion for leave to file an amended complaint and attached to the amended complaint a new, proper affidavit. Because relator is entitled to an opportunity to cure the defect, and because permitting the amendment will case no delay or prejudice, we grant the motion. *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24-26 (permitting corrected affidavits under Civ.R. 15(A)).

Motions granted,

and writ granted in part

and denied in part.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

—————————

Martin S. Hume, Youngstown Law Director, and Mark D'Apolito, Assistant Law Director, for relator.

Vorys, Sater, Seymour & Pease, L.L.P., Lisa Babish Forbes, Kyle S. Baird, Aaron M. Williams, and John K. Keller, for respondents the Mahoning County Board of Elections and its members.

Michael DeWine, Attorney General, and Nicole M. Koppitch and Tiffany L. Carwile, Assistant Attorneys General, for respondent Ohio Secretary of State Jon Husted.

Porter, Wright, Morris & Arthur, L.L.P., L. Bradfield Hughes, Kathleen M. Trafford, and Kevin J. Kelley, urging denial of the writ for amici curiae the Ohio Chamber of Commerce, Affiliated Construction Trades of Ohio, and the American Petroleum Institute.

Black, McCuskey, Souers & Arbaugh, L.P.A., Randolph L. Snow, James M. Wherley Jr., and Whitney L. Willits, urging denial of the writ for amici curiae the Ohio Oil and Gas Association, the Ohio Gas Association, and 17 Local Unions.

Black, McCuskey, Souers & Arbaugh, L.P.A., Randolph L. Snow, James M. Wherley Jr., and Whitney L. Willits, urging denial of the writ for amicus curiae Youngstown/Warren Regional Chamber.

_____