[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sensible Norwood v. Hamilton Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-5919.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5919

THE STATE EX REL. SENSIBLE NORWOOD ET AL. *v.* HAMILTON COUNTY

BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sensible Norwood v. Hamilton Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-5919.]**

*Mandamus—Writ of mandamus sought to compel board of elections to place proposed city ordinance on the election ballot—Proposed ordinance attempts to enact provisions that are beyond the scope of a municipality's authority to enact—Writ denied.*

(No. 2016-1277—Submitted September 20, 2016—Decided September 22, 2016.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election case in which relators seek a writ of mandamus to require respondent, the Hamilton County Board of Elections, to place a proposed "Sensible Marihuana Ordinance" on the ballot for the city of Norwood at the November 8, 2016 general election. We deny the requested writ because

relators have failed to establish a clear legal right to requested relief and a clear legal duty on the part of the board to provide the relief.

## I.     Factual and procedural history

{¶ 2}  Relator Sensible Norwood is a political-action committee established under R.C. Chapter 3517 to support an initiative proposing an ordinance to decriminalize marijuana and hashish in the city of Norwood.  Relator Amy Wolfinbarger is the founder of Sensible Norwood and is one of the committee members designated under R.C. 731.34 to represent the petitioners who filed the initiative petition.

{¶ 3}  On July 20, 2016, petitioners filed initiative petitions with signatures to have a proposed ordinance placed on the November general-election ballot to change the Norwood city ordinances regarding the legality of and penalties for using and selling marijuana and hashish.  Pursuant to R.C. 731.28, the petitions were filed with the city auditor, who transmitted them to the Hamilton County Board of Elections to determine the sufficiency of the signatures.  After receiving the board's certification that the petitions contained sufficient signatures, the auditor, on August 2, 2016, sent a letter to the board requesting that it place the proposed ordinance on the ballot for the November 8, 2016 election.

{¶ 4}  The board discussed placing the proposed ordinance on the ballot at two meetings—on August 16, 2016, and on August 22, 2016.  At the August 22, 2016 meeting, the board voted unanimously not to place the proposed ordinance on the ballot, reasoning that it attempts (1) to enact felony offenses, which the board members believed was beyond the authority of a city ordinance, and (2) to impose administrative restrictions on the enforcement of existing laws.

{¶ 5}  On August 29, 2016, relators initiated this action as an expedited election matter pursuant to S.Ct.Prac.R. 12.08 seeking a writ of mandamus to require the Hamilton County Board of Elections to place the proposed ordinance on the ballot.

## II.     Legal analysis

*A.     Review of petitions*

{¶ 6}   We have previously determined that county boards of elections have the authority "to review, examine, and certify 'the sufficiency and validity of petitions.' " *State ex rel. Walker v. Husted,* 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419, ¶ 11, quoting R.C. 3501.11(K).  That authority can be exercised in regard to municipal initiative petitions even after the board verifies the number of signatures.

> [I]f the auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections, the board must submit the proposed ordinance or other measure at the next succeeding general election occurring after seventy-five[1] days from the certification to the board of elections, *but only if the board determines under R.C. 3501.11(K) and 3501.39 that the petition is sufficient and valid.*

(Emphasis added.)  *State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 477, 764 N.E.2d 971 (2002).

{¶ 7}   While municipal officials, like the Norwood city auditor, "have limited discretionary authority concerning matters of form, but not matters of substance * * * a board of elections has greater discretion to inquire into the sufficiency of a proposed ballot measure than municipal officials do." *Walker* at ¶ 10-11.  A board may reject a petition if it "violates the requirements of [R.C.

---

[1] R.C. 731.28 previously required a measure to be placed on a ballot at the next succeeding general election occurring 75 days from the certification to the board of elections.  In 2010, the number of days was changed to 90.  2010 Am.Sub.H.B. No. 48.

Chapter 3501], Chapter 3513. of the Revised Code, or any other requirements established by law."  R.C. 3501.39(A)(3).

B.     *Does the proposed ordinance satisfy the requirements for an initiated ordinance?*

{¶ 8}   The Hamilton County Board of Elections was authorized to review the validity of the petition after the auditor asked the board to place the proposed ordinance on the ballot.  We therefore must consider whether the board properly rejected the petition.

      1.     Proposed ordinance attempts to enact felony offenses and associated penalties

{¶ 9}   " 'Mandamus will not lie to compel a board of elections to submit an ordinance proposed by initiative petition to the electorate if the ordinance does not involve a subject which a municipality is authorized by law to control by legislative action.' "  *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 34, quoting *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections*, 80 Ohio St.3d 165, 168, 685 N.E.2d 224 (1997); *see* Ohio Constitution, Article II, Section 1f.

{¶ 10}   R.C. 715.67 specifies that a "municipal corporation may make the violation of any of its ordinances a misdemeanor, and provide for the punishment thereof by fine or imprisonment, or both."  However, "[t]he power to define and classify and prescribe punishment for felonies committed within the state is lodged in the General Assembly."  *State v. O'Mara,* 105 Ohio St. 94, 136 N.E. 885 (1922), paragraph one of the syllabus, *overruled in part on other grounds*, *Steele v. State*, 121 Ohio St. 332, 168 N.E. 846 (1929).

{¶ 11}  The proposed ordinance purports to enact felony offenses and impose penalties for possessing or using marijuana and hashish.  For example, proposed section 513.15(b) establishes an offense for the possession of marijuana and then in subsection (3) states, "If the amount of the drug involved equals or

exceeds two hundred grams, possession of marihuana is a *fifth degree felony* drug abuse offense. Persons convicted of violating this section shall not be fined and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed." (Emphasis added.) Similar language applies to the possession of hashish.

{¶ 12} Although the proposed ordinance specifically prohibits any punishment for the offense, the language also states that the offense is a felony.[2] While a city may define misdemeanor offenses and impose penalties by ordinance, a city does not have authority to define felony offenses. Because the authority to define and to propose penalties for felonies is limited to the General Assembly, relators are not entitled to have a proposed ordinance that purports to enact a felony offense placed on the ballot.

> 2. Proposed ordinance attempts to place administrative restrictions on the enforcement of existing laws

{¶ 13} "Administrative actions are not subject to initiative." *N. Main St. Coalition,* 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, at ¶ 34. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park*, 13 Ohio St.2d 1, 233 N.E.2d 500 (1968), paragraph two of the syllabus.

{¶ 14} In applying this test to the proposed ordinance, we conclude that significant portions of the proposed ordinance attempt to govern the execution of existing law rather than enact new law. The following provisions are distinctly administrative:

---

[2] For the purpose of state law, "any offense specifically classified as a felony is a felony." R.C. 2901.02(D). An offense not otherwise classified is a felony "if imprisonment for more than one year may be imposed as a penalty." R.C. 2901.02(E).

**{¶ 15}** (1) Section 513.15(m) prohibits a Norwood police officer or the officer's agent from reporting the possession, sale, use, or distribution of marijuana or hashish to any authority other than the city attorney. The city attorney is prohibited from referring a report of a violation to any other authority for prosecution or for any other reason. The language is not restricted to instances involving violations of the city's ordinance.

**{¶ 16}** (2) Section 513.15(o) prohibits any authority from seeking criminal or civil asset forfeiture based on violations of the proposed ordinance. However, existing state and federal laws authorize criminal and civil asset forfeiture for violations of controlled-substance laws. *See, e.g.*, R.C. 2925.42.

**{¶ 17}** (3) Section 513.15(s) prohibits the suspension of a driver's or commercial driver's license or permit for any length of time based on the drug-abuse offenses in the proposed ordinance. Numerous sections of R.C. Chapter 2925, the drug-offenses laws, include provisions permitting or requiring a court to suspend an offender's driver's license upon conviction. *See, e.g.*, R.C. 2925.02(D), 2925.05(D), and 2925.04(D). *See also* R.C. 4510.05 and 4510.07 (providing for the suspension of a driver's or commercial driver's license upon conviction of violating municipal ordinances substantially similar to Revised Code provisions).

**{¶ 18}** Relators claim that these provisions are legislative rather than administrative because the proposed ordinance would repeal and amend Norwood's current criminal law. Relators allege that the provisions are not administrative and that those portions that direct how the proposed law should be enforced do not make the provisions administrative. However, the language reaches far beyond the enforcement of the proposed ordinance and attempts to prohibit the enforcement of existing state and federal controlled-substance laws. These provisions are clearly administrative.

**{¶ 19}** Relators argue that even if sections of the proposed ordinance are administrative, it should be submitted to the ballot because it includes a severability

clause. They contend that if a court later determines that certain provisions are administrative, those provisions could be excised from the ordinance pursuant to the severability clause. However, "we have made clear that [where a proposed action is administrative], the board of elections is 'required to withhold the initiative and referendum from the ballot.' " *State ex rel. Ebersole v. Delaware Cty. Bd. of Elections*, 140 Ohio St.3d 487, 2014-Ohio-4077, 20 N.E.3d 678, ¶ 30, quoting *State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico*, 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, ¶ 17.

**{¶ 20}** Because a significant portion of the proposed ordinance is administrative, the board of elections properly refused to place it on the ballot.

*C.     Are relators entitled to a writ of mandamus?*

**{¶ 21}** To be eligible for a writ of mandamus, relators must "establish a clear legal right to the requested relief, a clear legal duty on the part of the board and its members to provide it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 22}** Relators have failed to establish a clear legal right to their requested relief and a clear legal duty on the part of the board to provide it. As we have previously acknowledged, "[e]lection officials serve as gatekeepers, to ensure that only those measures that actually constitute initiatives or referenda are placed on the ballot." *Walker*, 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419, at ¶ 13. The Sensible Norwood proposed ordinance was properly rejected by the board of elections because it attempts to enact provisions that are beyond the scope of a municipality's authority to enact.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

7

Kalniz, Iorio, & Reardon Co., L.P.A., and Edward J. Stechschulte, for relators.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and David T. Stevenson and Cooper D. Bowen, Assistant Prosecuting Attorneys, for respondent.

Keith D. Moore, Norwood Law Director, and Timothy A. Garry Jr., Assistant Law Director, urging denial of the writ for amicus curiae city of Norwood.

_____