Per Curiam.
*330 *244 {¶ 1} This expedited election matter concerns two efforts to place proposed amendments to the Youngstown City Charter on the November 2017 ballot: the People's Bill of Rights for Fair Elections and Access to Local Government ("the Elections Amendment"),[1] and the "Youngstown Drinking Water Protection Bill of Rights" ("the Water Amendment").[2] Relators seek writs of mandamus to compel respondents, the Mahoning County Board of Elections and its individual members,[3] to certify relators' petitions to place the proposed amendments on the ballot. We deny the writs.
Background
The Elections Amendment (Section 69.1)
{¶ 2} The Elections Amendment would add a new Section 69.1 to the city charter declaring that the people of Youngstown have a right to fair elections and access to local government. The Elections Amendment would, among other things, prohibit campaign contributions to local candidates or issues from anyone other than registered Youngstown voters, cap any permitted contributions at $100 per contributor per candidate or issue, adopt a "top two" primary election for mayor and for ward representative, and mandate the use of paper ballots to verify electronic election results.
*245 {¶ 3} Section (d) of the Elections Amendment, captioned "Right to Enforcement," affirms the right of the people of Youngstown to enforce the rights set forth in the amendment:
If the City of Youngstown fails to enforce or defend this Amendment, or, a court fails to uphold this Amendment, any natural person may enforce this Amendment through nonviolent direct action or via a suit at law or in equity as a private attorney general plaintiff, for damages and costs of litigation, including, without limitation, expert and attorney fees. If any appointed or elected official infringes upon the *331 people of Youngstown's adoption of this Amendment through their right of democratic initiative power, any natural person may enforce these rights through nonviolent direct action.
Section (d) provides that "City of Youngstown law enforcement, and cooperating agencies acting within the jurisdiction of the City of Youngstown, shall have no lawful authority to surveil, detain, arrest, or otherwise impede natural persons enforcing these rights."
The Water Amendment (Section 133)
{¶ 4} The second proposed charter amendment, the Water Amendment, would add a new Section 133 to the city charter. It declares that the people of Youngstown, "along with ecosystems and natural communities within the city, possess the right to clean water, air, and soil, and to be free from activities that would violate this right and expose citizens to the harmful effects of contaminants in their water supply, including, but not limited to, the drilling of new wells or extraction of oil and gas." Section (b) of the Water Amendment contains the same language as Section (d) of the Elections Amendment, authorizing private citizens to enforce their rights through nonviolent direct action or by filing suit as a private attorney general. And the Water Amendment also contains the provision barring "City of Youngstown law enforcement, and cooperating agencies acting within the jurisdiction of the City of Youngstown" from "surveil[ing], detain[ing], arrest[ing], or otherwise imped[ing] natural persons enforcing these rights."
Mahoning County Board of Elections proceedings
{¶ 5} On July 24, 2017, the Water Amendment committee submitted its part-petitions to the Youngstown city clerk. The Mahoning County Board of Elections ("BOE") certified a sufficient number of valid signatures for the Water Amendment *246 to qualify for the ballot.[4] On August 23, the Youngstown City Council unanimously passed an ordinance instructing the BOE to place the Water Amendment on the November 2017 ballot.
{¶ 6} The Elections Amendment committee delivered its part-petitions to the city clerk on August 7, 2017. After the BOE validated the signatures, the city council unanimously passed a resolution instructing the BOE to place the Elections Amendment on the November ballot. The BOE received the two proposed amendments on August 25, 2017.
{¶ 7} On September 6, 2017, the BOE met to consider placement of the two proposed amendments on the ballot. BOE Chairman Mark Munroe expressed concern that both amendments "contain provisions that are beyond the scope of cities to enact via initiative." BOE member David Betras agreed that the proposed amendments contained provisions that exceeded the authority of the city to adopt. The BOE then voted four to zero not to certify the amendments to appear on the ballot, on the grounds that they exceeded the city's initiative power.
{¶ 8} The next day, September 7, relators filed the present expedited election complaint against the BOE and its individual members. The parties have filed briefs and evidence in accordance with the calendar *332 for expedited election cases set forth in S.Ct.Prac.R. 12.08.
Legal Analysis
{¶ 9} To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. State ex rel. Waters v. Spaeth , 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. When reviewing a decision of a county board of elections, the standard is whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions. State ex rel. Jacquemin v. Union Cty. Bd. of Elections , 147 Ohio St.3d 467, 2016-Ohio-5880, 67 N.E.3d 759, ¶ 9.
{¶ 10} Under the Ohio Constitution, municipalities have "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Ohio Constitution, Article XVIII, Section 3. The Constitution extends that same authority to the people acting in their sovereign capacity:
*247 "The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action * * *."[5] Ohio Constitution, Article II, Section 1f. These clauses impose limitations on the permissible subject matter of a municipal initiative or referendum petition. See, e.g. , Buckeye Community Hope Found. v. Cuyahoga Falls , 82 Ohio St.3d 539, 545, 697 N.E.2d 181 (1998) (holding that the phrase "by legislative action" in Article II, Section 1f means that a municipal ordinance is not subject to referendum if it constitutes an administrative, rather than a legislative, action).
{¶ 11} R.C. 3501.11(K)(1) provides that a county board of elections must "[r]eview, examine, and certify the sufficiency and validity of petitions." We have held that the statute gives the county boards of elections authority "to determine whether a ballot measure falls within the scope of the constitutional power of referendum or initiative." State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections , 144 Ohio St.3d 239, 2015-Ohio-3761, 41 N.E.3d 1229, ¶ 9.
{¶ 12} Our jurisprudence has distinguished between an elections board's determining that a proposed initiative may be unconstitutional and an elections board's determining that a proposed initiative falls outside the scope of the permissible subject matter of a municipal initiative. Thus, in Youngstown , we held that a county board of elections cannot refuse to certify a ballot measure based on its assessment that the measure, in substance, would be unconstitutional if enacted. Id. at ¶ 4-5, 12 (requiring a county board of elections to place a proposed city-charter amendment on the ballot despite its concern that the measure would be unenforceable because it conflicted with the Ohio Constitution). This court " 'will not consider, in an action to strike an issue from the ballot, a claim that the proposed amendment would be unconstitutional if approved, such claim being premature.' "
*333 State ex rel. Walker v. Husted , 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419, ¶ 16, quoting State ex rel. Cramer v. Brown , 7 Ohio St.3d 5, 6, 454 N.E.2d 1321 (1983).
{¶ 13} Just last year, however, this court held that a county board of elections may properly refuse to certify a proposed municipal ordinance to the ballot when the ordinance encompasses a matter beyond the scope of the municipality's authority to enact. State ex rel. Sensible Norwood v. Hamilton Cty. Bd. of Elections , 148 Ohio St.3d 176, 2016-Ohio-5919, 69 N.E.3d 696, ¶ 22. In Sensible Norwood , the county board of elections refused to certify to the ballot a proposed municipal ordinance, the effect of which would have been to change the city's *248 marijuana ordinances. We noted that a municipality has authority to define misdemeanor offenses but that the power to define felonies is committed to the General Assembly. Id. at ¶ 10. And because the power to designate felonies is not a matter that municipalities are "authorized by law to control by legislative action" (in the language of Article II, Section 1f of the Ohio Constitution ), the supporters of the proposed ordinance had no legal right to place the measure on the ballot. Id. at ¶ 12.
{¶ 14} It is fair to say that it is sometimes difficult to distinguish between a provision that a municipality is not authorized to adopt by legislative action (something an elections board may determine per Sensible Norwood ) and one that is simply unconstitutional (something an elections board may not determine, per Youngstown , 144 Ohio St.3d 239, 2015-Ohio-3761, 41 N.E.3d 1229, at ¶ 12 ). But that is the line our caselaw has drawn.
{¶ 15} Sensible Norwood is directly on point here. Here, the BOE rejected the petitions, in part because the proposed amendments purport to create a private cause of action. Just as a municipality may not create a felony, a municipality is not authorized to create new causes of action. See Ohio Constitution, Article XVIII, Section 3 ; see also Groch v. Gen. Motors Corp. , 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 150 ("state law * * * determines what injuries are recognized and what remedies are available").
{¶ 16} The dispositive question in this mandamus action is whether the BOE violated a clear legal duty by refusing to certify relators' petitions to place the proposed amendments on the ballot. In refusing to certify the petitions, the BOE acted consistently with our most recent pronouncement on the matter- Sensible Norwood . We cannot conclude that in doing so it violated a clear legal duty. Thus, we deny the extraordinary writs.
{¶ 17} The dissenting opinion not only concludes that the BOE violated a clear legal duty but also would declare the recently enacted 2016 Sub.H.B. No. 463 ("H.B. 463"), effective April 6, 2017, unconstitutional. But we do not reach constitutional issues unless it is necessary to do so. State ex rel. BSW Dev. Group v. Dayton , 83 Ohio St.3d 338, 345, 699 N.E.2d 1271 (1998). Adherence to this principle seems particularly appropriate in this expedited election matter, with its short time frame for consideration, limited briefing, and lack of participation by the state, see R.C. 2721.12(A). Because the matter may be properly resolved under our pre-H.B. 463 caselaw, we leave consideration of the constitutionality of the new enactment for another day.
{¶ 18} Relators have failed to establish a clear legal duty on the BOE's part to certify their petitions to place the proposed amendments on the November ballot, and we therefore deny the requested writs of mandamus.
Writs denied.
O'Donnell, Kennedy, French, and DeWine, JJ., concur.
Fischer, J., dissents, with an opinion joined by O'Connor, C.J., and O'Neill, J.

Relators Lynn Anderson, Susan L. Beiersdorfer, Kathleen K. Berry, Marguerite Linda Felice, and Dario David Hunter comprise the committee of petitioners for the Elections Amendment.

Relators Christine Agnes Flak, Mary C. Khumprakob, Raymond Nakley Jr., Young Tensley, and Hattie Wilkins comprise the committee of petitioners for the Water Amendment.

The members of the Mahoning County Board of Elections are David J. Betras, Mark E. Munroe, Robert J. Wasko, and Tracey S. Winbush.

The complaint identifies the numbers of signatures validated on both petitions, without expressly noting that the numbers were sufficient for the proposed amendments to qualify for the ballot. However, the sufficiency of the signatures does not appear to be in dispute.

"An initiative is a proposal which allows the people to directly enact a law if they accept the proposal in an election and a referendum is a proposal which allows the people to directly repeal a law which has already been enacted by the legislature." State ex rel. Todd v. Felger , 7th Dist. Columbiana No. 06 CO 38, 2007-Ohio-731, 2007 WL 549577, ¶ 3.