Fischer, J., dissenting.
{¶ 43} I respectfully dissent and would hold that portions of 2016 Sub.H.B. No. 463 ("H.B. 463") are unconstitutional for the reasons stated in my separate opinion in State ex rel. Khumprakob v. Mahoning Cty. Bd. of Elections , 153 Ohio St.3d 581, 2018-Ohio-1602, 109 N.E.3d 1184, ¶ 42 (Fischer, J., concurring in judgment only).
I. The Constitutionality of R.C. 3501.11(K) Is Ripe for Review
{¶ 44} As I have previously discussed, I believe that R.C. 3501.11(K) contains language raising separation-of-powers concerns. See, e.g. , State ex rel. Bolzenius v. Preisse , 155 Ohio St.3d 45, 2018-Ohio-3708, 119 N.E.3d 358, ¶ 24 (Fischer, J., dissenting). In the instant case, the parties directly argue the constitutionality of R.C. 3501.11(K)(1), and it is high time that this court addresses those arguments, which it has failed to do on multiple occasions. See State ex rel. Flak v. Betras , 152 Ohio St.3d 244, 2017-Ohio-8109, 95 N.E.3d 329, ¶ 17 ("Because the matter may be properly resolved under our pre-H.B. 463 caselaw, we leave consideration of the constitutionality of the new enactment for another day"); Bolzenius at ¶ 14 ("Because we have already found that the board had the authority to exclude the proposal from the ballot under our pre-H.B. 463 caselaw, we need not reach the constitutionality of H.B. 463 in this case").
II. The Court Could Interpret R.C. 3501.11(K) in a Manner that Does Not Violate the Separation-of-Powers Doctrine
{¶ 45} In this case, relators, Bryan Twitchell, Julian C. Mack, and Sean M. Nestor, argue that respondent Lucas County Board of Election's action violates the separation-of-powers doctrine and that this court cannot allow the General Assembly to transfer a "take-no-prisoners veto power" from the judicial branch to the executive branch.
{¶ 46} "Courts must liberally construe statutes in order to avoid constitutional infirmities." State ex rel. Thompson v. Spon , 83 Ohio St.3d 551, 555, 700 N.E.2d 1281 (1998), citing State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn. , 81 Ohio St.3d 283, 288, 690 N.E.2d 1273 (1998). Theoretically, the court *66 need not go so far as to find the statute unconstitutional. It is possible that R.C. 3501.11(K) could be found constitutional by applying a nondeferential standard of review to those determinations made pursuant to the statute by the board of elections. We already use a nondeferential standard in other areas of law when analyzing a purely legal question.
{¶ 47} In a mandamus case such as this, we review an election official's decision to exclude a ballot measure from the ballot for an abuse of discretion. See State ex rel. Walker v. Husted , 144 Ohio St.3d 361, 2015-Ohio-3749, 43 N.E.3d 419 ; State ex rel. Coover v. Husted , 148 Ohio St.3d 332, 2016-Ohio-5794, 70 N.E.3d 587. In this case, the lead opinion contains a determination that the board of elections did not abuse its discretion when it rejected the ballot measure on the grounds that the proposed amendment to the city charter created a new cause of action and conferred *377 jurisdiction on the common pleas court to hear that new cause of action. We have long held, however, that we review questions of law de novo. See In re J.V ., 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 3.
{¶ 48} We have applied this de novo standard of review in cases in which we review legal determinations made by executive agencies. For example, in cases in which we review decisions made by the Board of Tax Appeals ("BTA"), we consider legal issues de novo. Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision , 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11. We "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001). In these and many similar cases, we have implicitly accepted that the BTA's initial determination of a purely legal question does not violate the separation-of-powers doctrine.
{¶ 49} Accordingly, I encourage the court to consider whether we should apply a de novo standard of review when reviewing a legal determination made by a board of elections pursuant to R.C. 3501.11(K).
III. Conclusion
{¶ 50} Thus, although I dissent in this case, I believe there may be common ground upon which this court can come to a consensus in the future regarding the constitutional issue that is presented, but left unresolved, in this case.