RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0201p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SAWARIMEDIA, LLC; DEBORAH PARKER; JUDY KELLOGG; PAUL ELY,

>    *Plaintiffs-Appellees*,

>    *v.*

>    No. 20-1594

GRETCHEN WHITMER, Governor of Michigan; JOCELYN BENSON, Secretary of State of Michigan; JONATHAN BRATER, Director of the Michigan Bureau of Elections,

>    *Defendants-Appellants*.

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:20-cv-11246—Matthew F. Leitman, District Judge.

Decided and Filed:  July 2, 2020

Before:  NORRIS, CLAY, and LARSEN, Circuit Judges.

_____

### COUNSEL

**ON MOTION:**  Heather S. Meingast, Erik A. Grill, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellants.

_____

### ORDER

_____

This appeal is another in a series of cases concerning the interaction between several states' stay-at-home orders and the signature requirements needed to gain access to the ballot.

Plaintiffs are proponents of a criminal-justice reform initiative that they seek to place on the ballot for the 2020 Michigan general election. Defendants include the governor and other state officials, who continued to strictly enforce the signature requirement for initiatives even after the governor had issued an order requiring most Michigan residents to remain in their homes as part of the fight against the COVID-19 pandemic.

When officials told Plaintiffs that the signature requirement would still be enforced against them, they filed suit in the U.S. District Court for the Eastern District of Michigan, alleging that the combination of the stay-at-home order and the signature requirement violates the First Amendment by creating a severe restriction on their access to the ballot. The district court agreed and enjoined the strict enforcement of the signature requirement. *SawariMedia LLC v. Whitmer* (*SawariMedia I*), No. 20-CV-11246, 2020 WL 3097266 (E.D. Mich. June 11, 2020). And while Defendants proposed a compromise remedy that included a several-weeks extension of the filing deadline, the district court rejected this proposal as insufficient. Defendants then appealed and now ask for an emergency stay.

When considering a motion to stay, we balance four "interrelated" factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *In re Flint Water Cases*, 960 F.3d 820, 825 (6th Cir. 2020) (quoting *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (quoting *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). Nevertheless, we may not grant a stay "where the movant presents no likelihood of merits success." *Daunt v. Benson*, 956 F.3d 396, 421–22 (6th Cir. 2020) (quoting *La.-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, 928 F.3d 514, 517 (6th Cir. 2019)). Because the state is the moving party, its own potential harm and the public's interest merge into a single

factor. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). As the moving party, the state carries "the burden of showing it is entitled to a stay." *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020) (order).

Defendants claim that two errors by the district court demonstrate a likelihood of success on the merits of their appeal. First, they argue that the district court erred in finding that the burden on Plaintiffs' access to the ballot was "severe" under the *Anderson-Burdick* framework, which governs First Amendment challenges to ballot-access restrictions. *See Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992). Second, they say that even if the signature requirement and filing deadline are unconstitutional as applied to Plaintiffs, their proposed extension of the deadline in the district court was enough to remedy any infirmity.

We disagree on both fronts. First, with respect to the burden imposed on Plaintiffs' access to the ballot, the restrictions at issue here are identical to those in *Esshaki v. Whitmer*, No. 20-1336, 2020 WL 2185553 (6th Cir. May 5, 2020) (order), which this Court found to be severe, *id.* at *1. In response, the state tries to argue that *Thompson v. DeWine*, 959 F.3d 804 (6th Cir. 2020) (per curiam), a case that stayed an injunction of Ohio's initiative signature requirements, is more applicable. But *Thompson* distinguished *Esshaki* almost entirely based on differences between Michigan's and Ohio's stay-at-home orders. *Id.* at 809–10. Defendants' arguments thus were expressly rejected in *Esshaki* and implicitly rejected in *Thompson*; against this backdrop, they cannot show a likelihood of success on appeal.

Second, Defendants have failed to show a likelihood that the district court abused its discretion by rejecting their proposed remedy. In the district court, Defendants proposed extending the petition deadline to July 6. Counting from the original May 27 deadline, they considered this to be a forty-day extension. The district court, however, counted from its June 11 order issuing the preliminary injunction, and considered this to be only a twenty-five-day extension. But even if Defendants were right to count from the May 27 deadline, their proposed July 6 deadline would not be a forty-day extension. The governor's stay-at-home order remained

in effect from May 27 until June 1.  *See* Mich. E.O. 2020-96 § 3 (May 21, 2020); Mich. E.O. 2020-100 § 3 (May 22, 2020); Mich. E.O. 2020-110 § 17 (June 1, 2020).  Defendants were still unconstitutionally burdening Plaintiffs' First Amendment rights during that period, so the July 6 deadline would grant, at best, a thirty-five-day extension.  Defendants do not argue that the district court would have been obliged to accept a proposed thirty-five-day extension.  Accordingly, they have failed to demonstrate they are likely to prevail on this claim.  Because Defendants have shown no likelihood that they will prevail on appeal on either claim, they cannot meet their burden of proving entitlement to a stay. *Daunt*, 956 F.3d at 421–22.[1]

Finally, we note that Defendants have asked for initial en banc review before this Court in order to consider their argument that the *Anderson-Burdick* framework should not apply to signature requirements for ballot initiatives, a position they admit is currently foreclosed by panel precedent.  *See, e.g.*, *Schmitt v. LaRose*, 933 F.3d 628, 639 (6th Cir. 2019) (applying *Anderson-Burdick* to ballot initiative restrictions), *cert. denied*, No. 19-974, 2020 WL 2621728 (U.S. May 26, 2020); *Comm. to Impose Term Limits on Ohio Supreme Court & to Preclude Special Legal Status for Members & Emps. of Ohio Gen. Assembly v. Ohio Ballot Bd.*, 885 F.3d 443, 448 (6th Cir. 2018) (same).  *But cf. Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1099 (10th Cir. 2006) ("Although the First Amendment protects political speech incident to an initiative campaign, it does not protect the right to make law, by initiative or otherwise."); *Marijuana Policy Project v. United States*, 304 F.3d 82, 83 (D.C. Cir. 2002) (finding that "the legislative act" of using the ballot initiative process "implicates no First Amendment concerns").  We take no position on the merits of that petition, which is currently under consideration by the en banc Court.

---

[1]Defendants' motion briefly defends its first proposed remedy of allowing Plaintiffs' currently collected signatures to count toward the 2022 election without expressly raising this as an alternative ground for a stay.  For the same reasons articulated by the district court, this proposal does nothing to remedy any constitutional infirmity caused by restricting access to the 2020 ballot.  *See SawariMedia LLC v. Whitmer* (*SawariMedia II*), No. 20-CV-11246, 2020 WL 3447694, at *5 (E.D. Mich. June 24, 2020).

For the reasons stated above, Defendants' motion for a stay pending appeal is denied. We retain jurisdiction over this appeal but direct the district court to address any further remedy proposed by Defendants by no later than July 15, 2020. If Defendants fail to propose a remedy that resolves the constitutional infirmity by that date, they will be precluded from enforcing the petition deadline against Plaintiffs, pending further review of any proposed remedy by this Court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk